[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 290.]

THE STATE OF OHIO, APPELLEE, *v.* ERWIN, APPELLANT.

[Cite as *State v. Erwin*, 1994-Ohio-57.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to show good cause for failure to file the motion within ninety days from journalization of the court of appeals' decision affirming the conviction, as required by App.R. 26(B)(1).*

(No. 94-1685—Submitted November 29, 1994—Decided December 23, 1994.)

APPEAL from the Court of Appeals for Licking County, No. 93-CA-8.

———————————

{¶ 1} Appellant, Max R. Erwin, Sr., was convicted of felonious sexual penetration and gross sexual imposition in 1993 and sentenced to eight to twenty-five years in prison. He appealed, alleging admission of improper hearsay evidence, which the prosecuting attorney improperly used in his closing argument. The court of appeals affirmed the conviction. *State v. Erwin, Sr.* (Oct. 4, 1993), Licking App. No. 93-CA-8, unreported. On June 6, 1994, he filed an application for reopening of his appeal pursuant to App. R. 26 (B), alleging ineffective assistance of appellate counsel and other issues. The court of appeals denied the motion, holding *inter alia* that appellant had not shown good cause for failure to file the motion within ninety days from the journalization of the court of appeals's decision affirming the convictions, as required by App. R. 26 (B) (1). Appellant appeals from that decision.

———————————

*Robert L. Becker*, Licking County Prosecuting Attorney, and *Matthew W. McFarland*, Assistant Prosecuting Attorney, for appellee.

*Max R. Erwin, Sr.*, *pro se.*

_____

***Per Curiam.***

{¶ 2} We affirm the judgment of the court of appeals for the reason stated in its opinion.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

_____